■ In the Matter of GEORGE P. PETRI, as President of the Police Benevolent Association of the Village of Hempstead, Inc., et al., Respondents, v GEORGE MILHIM, as Mayor of the Incorporated Village of Hempstead, et al., Appellants.—In a proceeding pursuant to CPLR article 78, the Incorporated Village of Hempstead and George Milhim, Mayor of the Incorporated Village of Hempstead, appeal from a judgment of the Supreme Court, Nassau County (DiPaola, J.), dated January 21, 1987, which, *inter alia*, (1) directed them to appoint a chief of police pursuant to Civil Service Law § 58 and Village Law § 8-800, and (2) deferred to the Nassau County Civil Service Commission the petitioners' request for judicial review of the creation, by the appellants, of a Board of Police Commissioners.

Ordered that the appeal from so much of the judgment as referred the petitioners' request for review of the appellants' establishment of a Board of Police Commissioners to the Nassau County Civil Service Commission is dismissed, as the appellants are not aggrieved by that provision of the judgment; and it is further,

Ordered that the judgment is otherwise affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

Civil Service Law § 58 (1-c) states, in relevant part, that "any political subdivision maintaining a police department serving a population of one hundred fifty thousand or less and with positions for more than four full-time police officers,

*shall* maintain the office of chief of police" (emphasis added). That this statute applies to the Village of Hempstead is beyond dispute.

This is a proceeding to compel the Mayor of the Village of Hempstead to comply with the unequivocal mandate of the Legislature. In the Supreme Court, the Mayor argued, *inter alia,* that despite the terms of this statute, the Village Board of Trustees had the discretion to refuse to appoint a chief of police. This argument is patently without merit. The Mayor also contended that Civil Service Law § 58 (1-c) is unconstitutional, and thus need not be obeyed. This argument is also without merit.

Civil Service Law § 58 (1-c) provides, in essence, that those municipalities which employ at least five police officers must designate a chief of police, that is, an officer with supervisory authority over the entire police department. Nothing in this law prohibits such a local government from making its chief of police responsible to other elected or appointed officials. The effect of this law is to require that the municipalities within its scope employ at least one supervisory official who may be held accountable for the effectiveness of the local police force. The law thus serves to promote the State-wide interest in the enhancement of local law enforcement.

The State has a compelling interest in the advancement of professionalism and responsibility in local police forces, as exemplified by the pervasive State regulation of this area *(see, e.g.,* Executive Law § 840 [2] [empowering Municipal Police Training Council to regulate standards of physical fitness]; General Municipal Law § 209-q [requiring police officers to complete approved training program]). The Criminal Procedure Law permits police officers, defined so as to include local police officers (CPL 1.20 [34]) to, among other things, use physical or deadly force if necessary in making arrests (Penal Law § 35.30). Police officers are responsible for the enforcement of the State Penal Law through the performance of their sworn duty to investigate crime and apprehend criminals. We therefore conclude that the advancement of efficiency in local police departments is a matter of urgent concern to the State, and that the Legislature may unquestionably enact a general law designed to improve the structure of local police departments, without contravening the home rule provisions of the New York State Constitution (NY Const art IX; *see generally, Matter of Town of Islip v Cuomo,* 64 NY2d 50, 56-57; *Matter of Kelley v McGee,* 57 NY2d 522, 538). The challenged enactment (Civil Service Law § 58 [1-c]) applies to all political subdivi-

sions within a certain class, defined by population, and we therefore consider it to be a general, rather than special, law *(see, Uniformed Firefighters Assn. v City of New York,* 50 NY2d 85, 90-91; *Farrington v Pinckney,* 1 NY2d 74, 80-81).

The petition in this case also contains allegations that the appellants had appointed two police lieutenants as Chairman and Vice-Chairman of a Board of Police Commissioners, and that the appellants were doing so solely in order to render the position of chief of police superfluous rather than to promote efficiency. The petitioners sought an order reviewing the establishment of the Board of Police Commissioners. The appellants, in a motion to dismiss the proceeding, argued that this aspect of the petition was premature, since the Nassau County Civil Service Commission had not yet acted upon the appellants' request to classify the position of Chairman of the Board of Police Commissioners. This argument is reasserted on appeal. Therefore, the appellants may not be considered to be aggrieved by so much of the judgment under review as deferred determination on this issue to the Nassau County Civil Service Commission.

We have examined the remaining arguments advanced by the appellants and find them to be without merit. The judgment is accordingly affirmed insofar as reviewed. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.