OPINION OF THE COURT
John S. Lockman, J.
Proceeding pursuant to CPLR article 78 to declare a resolution enacted by the Board of Trustees of the Incorporated Village of Hempstead (the Board) null and void as being illegal and ultra vires, and to prohibit the Board from appointing Edward R. Graham as Chief of Police is denied in its entirety, the temporary stay is lifted, and the petition is dismissed. Application by George Petri, President of the Hempstead P.B.A., is granted insofar as it seeks to appear as an amicus curiae, and denied insofar as it seeks a transfer of this proceeding.
Petitioner George Milhim is the Mayor of the Incorporated *1093 Village of Hempstead (the Village). In this proceeding he seeks resolution of a dispute concerning who holds the power to appoint a Police Chief. He contends that he, as Mayor, has the power, and seeks to nullify an appointment made by the respondent Board.
The Mayor is statutorily empowered to appoint "all department and non-elected officers and employees”, and to "exercise supervision over the conduct of the police” (Village Law § 4-400 [1] [c], [e]). Prior to a 1985 amendment to the Village Law (see, L 1985, ch 810), this general power of appointment went unchallenged.
However, in 1985 the Legislature amended the Civil Service Law (L 1985, ch 840), and now section 58 (1-c) requires any political subdivision maintaining a police department serving a population of 150,000 or less, and with positions for more than four full-time police officers, to maintain the Office of Chief of Police. In 1988, by way of an article 78 proceeding, the Village was directed to appoint a Police Chief pursuant to statute (see, Matter of Petri v Milhim, 139 AD2d 652), and the current dispute arose when the Board exercised the power to appoint under Village Law § 8-800.
Notwithstanding the Mayor’s general grant of power to appoint all department and nonelected officers and employees, the court concludes that the Board is the proper governmental entity to appoint the Chief, based upon explicit statutory language and legislative history.
In addition to amending the Civil Service Law in 1985, mandating the Office of Police Chief, the Legislature also amended the Village Law to create a power of appointment in the Board. The amended statute, Village Law § 8-800, reads in pertinent part: "The board of trustees of a village may, by resolution, establish a police department in such village and appoint a chief of police and such personnel as may be needed, and fix their compensation.” (Emphasis added.)
The portion emphasized, viz., "a chief of police”, was specifically added in 1985 to take effect on August 2, 1985, simultaneously with the amendment to the Civil Service Law (see, L 1985, ch 810, § 1; ch 840). Thus, the laws creating the office and the power of appointment were to take effect together.
Under standard rules of statutory construction "specific provisions of the statute must prevail over the general provisions” (Matter of Prospect v Cohalan, 109 AD2d 210, 216, affd 65 NY2d 867). Thus the Mayor’s general grant of appointment *1094 power is superseded by the Board’s specific granting regarding the Police Chief.
Moreover, it is well established that "the primary consideration of the courts in the construction of statute is to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]). "[S]uch legislative intent must be first sought in the language of the statute under consideration” (Drelich v Kenlyn Homes, 86 AD2d 648, 649). Here the plain language gives the Board the power to appoint the Police Chief.
Turning to the legislative history, as evidenced by the legislative Bill Jacket, further support is found for respondent’s position. A memorandum by Senator Richard E. Schermerhorn and Assembly Member Anthony Seminerio, the bill’s sponsors, indicated that the purpose of the amendment to the Village Law was to "establish uniformity” in the town and village police departments, and to make laws concerning them "consistent”. (See, legis Bill Jacket, L 1985, ch 810.) Thus the Legislature rendered the Village Law uniform with the Town Law, where section 150 places the power to appoint a Police Chief in the Town Board. Indeed the statutory language parallels that of Village Law § 8-800, to wit: "1. The town board of any town may establish a police department and appoint a chief of police and such officers and patrolmen as may be needed and fix their compensation.” (Town Law § 150 [1].)
Furthermore, the appointment power of the Village Law is now "consistent” with section 121-a of the General Municipal Law which governs joint town and village police departments. When a joint police department is chosen, it is the Boards of the village and town which must act together to appoint a single Police Chief. A power of appointment in the Mayor would be inconsistent with the General Municipal Law and Town Law.
Accordingly, the petitioner having failed to present any authority to support a different construction, the petition is dismissed, and the stay prohibiting Police Chief Graham from performing his duties is vacated.