Requestor: Michael R. Cuevas, Esq., Corporation Counsel City of Schenectady City Hall Jay Street Schenectady, N Y 12305
Written by: James D. Cole, Assistant Attorney General In Charge of Opinions
You have informed us that since 1990 the City of Schenectady has had both a Police Commissioner and a Chief of Police. You state that the City Council sought to eliminate the position of Chief of Police but your office advised that such an act would conflict with section 58(1-c) of the Civil Service Law. We note that in addition to your letter we have received and considered letters from several members of the City Council, and from the Mayor concerning this matter.
You have indicated that the City of Schenectady is covered by the provisions of section 58(1-c) of the Civil Service Law, which provides:
 "Notwithstanding the provisions of any other section of law, general, special or local, any political subdivision maintaining a police department serving a population of 150,000 or less and with positions for more than four full-time police officers, shall maintain the office of chief of police."
This subdivision was enacted by Chapter 840 of the Laws of 1985.[1]
Currently, you inform us, the City of Schenectady has both a Police Commissioner and a Chief of Police.[2] You have indicated that the position of Police Commissioner was removed from the competitive class of the Civil Service by action of the Civil Service Commission. The position of Chief of Police, you inform us, is in the competitive class of the Civil Service.
You have asked, in light of section 58(1-c) of the Civil Service Law:
 "1. Can the positions of Police Commissioner and Police Chiefin the City of Schenectady be combined into one position of Police Commissioner/Police Chief?
 2. Can the present Police Commissioner act in the combined capacity of `Police Commissioner/Police Chief', on an interim basis?"
You state that the position of Police Commissioner/Police Chief would combine duties of the Chief of Police and the Police Commissioner. A separate position of Chief of Police would no longer exist.
First, we note that the legality of section 58(1-c) of the Civil Service Law has been upheld. Petri v Milhim, 139 A.D.2d 652 (2d Dept 1988). The court there concluded that the advancement of efficiency in local police departments "is a matter of urgent concern to the State", and that the Legislature may unquestionably enact a law designed to improve the structure of local police departments without contravening the home rule provisions of the New York State Constitution. Petri v Milhim, supra, p 653. In Petri v Milhim, the village had created a Board of Police Commissioners. The court noted that "[n]othing in this law prohibits such a local government from making its Chief of Police responsible to other elected or appointed officials." 139 A.D.2d at 653.
In our view, therefore, section 58(1-c), in those municipalities where it applies, clearly requires the maintenance of the separate office of Chief of Police. It directs that those municipalities "shall maintain the office of chief of police". Under your proposal, the office of Chief of Police would be abolished. This would constitute a clear-cut violation of section 58(1-c). There is nothing, however, in section 58(1-c) of the Civil Service Law that sets forth the duties of the Chief of Police. Thus, local governments, consistent with any applicable requirements, retain flexibility to modify the duties of the Chief of Police.
In relation to your second question, an appointment to fill the existing vacancy in the office of Chief of Police, either on a provisional or permanent basis, is subject to the provisions of the Civil Service Law and Rules governing positions in the competitive class of the Civil Service. For direction concerning this matter, you should contact your local Civil Service Commission or the State Department of Civil Service.
We conclude that a municipality covered by the provisions of section58(1-c) of the Civil Service Law must maintain the office of Chief of Police.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
[1] Section 2 of that Chapter provides:
"This act shall take effect immediately [Aug. 2, 1985], but shall not apply to a political subdivision that, as of such effective date: (i) has established a police department, so long as the department established as of such effective date is continued; and (ii) has not established the office of chief of police."
You indicate that the City of Schenectady is not exempt under this provision.
[2] You have informed us that the funding has been deleted from the budget for the Chief's position.