Timothy M. Bulger, Esq. Informal Opinion Village Attorney No. 95-58 Village of Greenwich Greenwich, N Y 12834
Dear Mr. Bulger:
You have asked whether the Village of Greenwich must retain the office of chief of police.
Under section 8-800 of the Village Law,
 [t]he board of trustees of a village may, by resolution, establish a police department in such village and appoint a chief of police and such personnel as may be needed, and fix their compensation.
The language referring to "chief of police" was added by chapter 810 of the Laws of 1985, effective August 2, 1985. Section 2 of chapter 810 provides as follows:
 This act shall take effect immediately, but shall not apply to a village that, as of such effective date: (i) has established a police department, so long as the department established as of such effective date is continued; and (ii) has not established the office of chief of police.
The legislative intent of this amendment was to add a requirement that a village appoint a chief of police if it establishes a police department. Bill Jacket, L 1985 Ch 810, Memorandum of Introduction by Senator Schermerhorn and Assemblyman Seminerio. Section 2 of chapter 810 is a grandfather clause, removing the requirement that a chief of police be appointed, applicable to villages that had a police department and had not established the office of chief of police as of the effective date of the amendment on August 2, 1985, and which continue to have a police department. (Presumably, under this language if such a village abolishes the police department and later re-establishes the department it would lose the benefit of the grandfather clause and would be required to establish the position of chief of police.)
In a telephone conversation, you have provided additional information. On August 2, 1985, the office of chief of police existed in your village but was filled by an acting chief who was awaiting a civil service examination in order to qualify for permanent appointment to the position. Under section 2 of chapter 810, the grandfather clause applies to a village that has not established the "office of chief of police". It is clear under the facts you have presented that the Village of Greenwich had created the office as of August 2, 1985, the effective date of chapter 810, and, therefore, must retain the position of chief of police.
We note that in construing a similar statute, the Appellate Division decided that provisions requiring appointment and retention of a chief of police are matters of State concern, which under the home rule provisions of the Constitution may not be superseded by local law. Petri v Milhim,139 A.D.2d 652 (2d Dept 1988).
 Nothing in this law prohibits such a local government from making its chief of police responsible to other elected or appointed officials. The effect of this law is to require that the municipalities within its scope employ at least one supervisory official who may be held accountable for the effectiveness of the local police force. The law thus serves to promote the State-wide interest in the enhancement of local law enforcement.
Id., p 653.
We conclude that a village which had the office of chief of police as of August 2, 1985, whether or not the position was filled, must retain the office so long as it continues to have a police department.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions