*950 OPINION OF THE COURT
Per Curiam.
Order dated November 12, 1997 reversed, with $10 costs, tenant’s motion to dismiss the nonpayment petition is denied, and the matter is remanded to the Civil Court for further proceedings.
The business nonpayment petition stated landlord’s interest in the premises; stated tenant’s interest and its relationship to landlord under a written rental agreement; accurately described the premises sought to be recovered; and set forth the amounts of the arrearages and periods for which they were due. In such form the petition complied with the pleading requirements of RPAPL 741, and should not have been dismissed because it failed to state the date or terms of the parties’ lease. This is not a case where there are material misrepresentations in the petition as to the ownership or regulatory status of the property (cf., MSG Pomp Corp. v Doe, 185 AD2d 798). While petitions in summary proceedings must set forth sufficient facts so that the respondent may adequately frame a defense, judicial engraftment of “hypercritical restrictions” is disapproved (Reich v Cochran, 201 NY 450, 455).
Parness, P. J., Freedman and Davis, JJ., concur.