JAMES P. OVERTON, Appellant, v TOWN OF SOUTHAMPTON et al., Respondents. [857 NYS2d 213]—

In an action for a judgment declaring that chapter 19 of the

Town Code of the Town of Southampton (Local Law No. 9 [2006] of Town of Southampton) is null and void, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 28, 2007, which granted the motion of the defendant Town of Southampton for summary judgment, inter alia, declaring that chapter 19 of the Town Code of the Town of Southampton (Local Law No. 9 [2006] of Town of Southampton) is legal, and denied his cross motion for summary judgment declaring that the chapter 19 of the Town Code of the Town of Southampton (Local Law No. 9 [2006] of Town of Southampton) is null and void, and (2) a judgment of the same court entered July 16, 2007, which, upon the order, is in favor of the defendant Town of Southampton, inter alia, declaring that Local Law No. 9 (2006) of Town of Southampton "is legal in all respects, was appropriately and lawfully adopted, and is not violative of any other provision of law."

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Town of Southampton.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, who is the Chief of Police in the Town of Southampton (hereinafter the Town), commenced this action for a judgment declaring that chapter 19 of the Town Code of the Town of Southampton (Local Law No. 9 [2006] of Town of Southampton, hereinafter chapter 19), which establishes the position of police commissioner as the chief administrative officer of the Town's police department, is null and void. Contrary to the plaintiff's contentions, chapter 19 does not contravene the Town's obligation to "maintain the office of chief of police" pursuant to Civil Service Law § 58 (1-c). Where statutory language is clear and unambiguous, the court should give effect to its plain meaning (*see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583 [1998]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205, 208 [1976]; *Matter of Overton v Town of Southampton,* 273 AD2d 242, 244 [2000]). The language of Civil Service Law § 58 (1-c) clearly and unambiguously provides only that the Town must maintain the office of chief of police and does not prohibit the Town from appoint-

ing a police commissioner to whom the chief of police must report. As we previously stated, "[n]othing in this law prohibits such a local government from making its chief of police responsible to other elected or appointed officials" (*Matter of Petri v Milhim*, 139 AD2d 652, 653 [1988]).

Moreover, this construction of Civil Service Law § 58 (1-c) is consistent with Town Law § 150 (2), which expressly authorizes a town board to delegate its supervisory authority over police matters to a board of police commissioners. In the instant case, the Town properly invoked its authority to change or supersede a provision of the Town Law by enacting a local law creating the position of police commissioner in the place of the board of commissioners authorized by Town Law § 150 (2) (*see* Municipal Home Rule Law § 22). Accordingly, the Town properly delegated its supervisory powers with respect to police matters to a single police commissioner, and the Supreme Court made an appropriate declaration. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.