■ BOARD OF EDUCATION OF POUGHKEEPSIE CITY SCHOOL DISTRICT, Appellant, v CITY OF POUGHKEEPSIE et al., Respondents. [979 NYS2d 380]—

In 2001, the plaintiff, the Board of Education of the Poughkeepsie City School District (hereinafter the District), sued the City of Poughkeepsie and the City of Poughkeepsie's Commis-

sioner of Finance (hereinafter together the defendants) over the City's nonpayment of school taxes on real property the City acquired through tax deeds. In its first cause of action, the District sought a judgment declaring that it is entitled to receive school taxes on that real property. The second cause of action was for money had and received, and the third cause of action was for an accounting. In their answer, the defendants asserted that the plain language of various provisions of the Administrative Code of the City of Poughkeepsie (hereinafter the Administrative Code) exempted the City from school taxes on such tax-deeded property.

The District moved for summary judgment on its first cause of action, and the defendants cross-moved for summary judgment on that cause of action as well as the remaining causes of action. In an order dated August 23, 2011, the Supreme Court held that no school taxes were due on city-owned tax deeded property. Thereafter, the Supreme Court dismissed the complaint in its entirety and denied the District's motion for summary judgment as academic.

Section 14.31 of the City of Poughkeepsie Administrative Code states, in relevant part, that "[a]fter the city shall have acquired the title to any lands sold for taxes, such lands shall be exempt while owned by the city from all taxes." Additionally, section 13.03 of the Administrative Code states that "[a]ll property belonging to the city shall be exempt from taxation for any purpose, except as provided in the charter or this administrative code." The District first contends that these exemptions do not apply to city-owned tax deeded property that is not held for public use. We disagree. The clear and unambiguous terms setting forth the broad scope of the tax exemptions in sections 14.31 and 13.03 are "too plain to be mistaken" (*County of Herkimer v Village of Herkimer*, 251 App Div 126, 127 [1937], *affd* 279 NY 560 [1939]; *see Overton v Town of Southampton*, 50 AD3d 1112, 1113 [2008]; *Mobil Oil Corp. v Gettner*, 240 AD2d 350, 351 [1997]). Nothing in either of the relevant Administrative Code provisions supports the District's claim that city-owned tax deeded property must be put to public use in order to enjoy tax exempt status.

The District next contends that sections 14.31 and 13.03 of the Administrative Code have been superseded by certain provisions of the Real Property Tax Law, specifically, RPTL 406 (1) and (5). RPTL 406 (1) provides that "[r]eal property owned by a municipal corporation within its corporate limits held for a public use shall be exempt from taxation and exempt from special ad valorem levies and special assessments to the extent provided

in section four hundred ninety of this chapter." RPTL 406 (5) provides, in relevant part, that "[r]eal property owned by a municipal corporation acquired by tax deed . . . shall be deemed to be held by it for a public use for a period of three years from the date of the deed and during such period shall be exempt from taxation and special ad valorem levies, but shall be liable for taxes for school purposes and special assessments." Those provisions do not apply in this case.

RPTL 2006 provides that "[t]his chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected." Sections 14.31 and 13.03 of the Administrative Code, which went into effect in 1996, are the present codifications of sections 94 and 186, respectively, of chapter 425 of the Laws of 1896. Chapter 425 pertains to the City of Poughkeepsie Charter (hereinafter City Charter). A historical analysis of the City Charter and the Administrative Code reveals that both the city and the state legislature intended to preserve the tax exemptions continuously from 1896 to the present (*see* General Construction Law § 95; *Matter of Allison v Welde*, 172 NY 421, 431 [1902]). Accordingly, contrary to the District's contention, RPTL 406 did not supersede the existing tax exemptions that are specific to the City (*see* RPTL 2006; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 131 [2010]).

The District's remaining contentions are without merit.

Accordingly, the Supreme Court properly determined that the City was exempt from school taxes on city-owned real property acquired by tax deed.

Upon determining that the City was not liable for payment of the school taxes, the Supreme Court should not have dismissed the first cause of action in this action seeking a declaratory judgment, but instead should have entered a judgment declaring that the City is not required to pay school taxes on real property it acquired through tax deeds (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). To the extent that the defendants seek a broader ruling, we note that such a declaration is outside the scope of the complaint. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.