June-July Trust v Fletcher (2021 NY Slip Op 50224(U))

[*1]

June-July Trust v Fletcher

2021 NY Slip Op 50224(U) [71 Misc 3d 126(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-398 W C

The June-July Trust By Roxanne B.
Everetts, Trustee, Respondent, 
against
Natalie Fletcher, a/k/a Keisha Natalie Fletcher, a/k/a Natalie Fletcher
Bowie, a/k/a/ Keisha N. Fletcher, Appellant. 

Natalie Fletcher, appellant pro se.
Anthony J. Pieragostini of counsel, for respondent.

Appeal from a final judgment of the Justice Court of the Town of Pound Ridge, Westchester
County (Regina F. Kelly, J.), entered January 28, 2019. The final judgment, after a nonjury trial,
awarded landlord possession and $7,800 in use and occupancy in a holdover summary
proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to
the Justice Court for the entry of a final judgment dismissing the petition. 
In this holdover proceeding, the petition alleges both that the lease terminated on November
30, 2018 and on December 31, 2018. After tenant was granted a two-week adjournment in order
to retain counsel, tenant's attorney, who was retained the day before the court appearance, made
an oral application for a further adjournment to familiarize himself with the matter, which
application was denied. Counsel then argued, among other things, that the petition failed to state
a cause of action and should be dismissed pursuant to RPAPL 741 because of the conflicting
lease termination dates. The court summarily denied tenant's attorney's application to dismiss the
petition and then took testimony from tenant without first requiring landlord to prove its case.
After hearing sworn testimony from tenant and arguments from counsel, the court denied another
application by tenant's attorney to dismiss the petition and awarded landlord possession and
$7,800 in use and occupancy. Tenant, now pro se, appeals from the final judgment that was
entered pursuant to the Justice Court's decision. 
Tenant correctly argues on appeal that the Justice Court improperly awarded landlord [*2]possession where landlord did not prove its case, requiring reversal
of the final judgment. Furthermore, the petition makes conflicting allegations regarding the date
the lease term ended, thereby depriving "the court and the respondent of adequate notice of the
transactions intended to be proved" (Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc 3d
141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2009]; see Migliaccio v
Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Cintron v
Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2012]). A petition must include a concise statement of the ultimate facts
upon which the proceeding is based (see RPAPL 741; Giannini v Stuart, 6 AD2d
418 [1958]). In light of this defect, the petition is dismissed (see CPLR 409 [b]). We
reach no other issue.
Accordingly, the final judgment is reversed and the matter is remitted to the Justice Court for
the entry of a final judgment dismissing the petition. 
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021