TD Equities, Inc. v Cribbs (2025 NY Slip Op 50775(U))

[*1]

TD Equities, Inc. v Cribbs

2025 NY Slip Op 50775(U)

Decided on May 16, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
Civil Court of the City of New York, Queens County

TD Equities, Inc., Petitioner,

against
Kimberly L. Cribbs, et al., Respondents.

Index No. 309163/2024

For Petitioner:
Horing, Welikson Rosen & Digrugilliers, P.C. Firm
11 Hillside Avenue 
Williston Park, New York 11596 
For Respondent:
Queens Legal Services Firm
89-00 Sutphin Boulevard 
Jamaica, New York 11435

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of these motions:
Notice of Motion (Dismissal) [NYSCEF Doc. No. 9], Attorney Affirmation [Doc. No. 10], Respondent Affirmation [Doc. No. 11], Exhibit [Doc. Nos. 12-16]; Attorney Affirmation in Opposition [Doc. No. 18], Client Affirmation in Opposition [Doc. No. 19], Opposition Exhibits [Doc. Nos. 20-26]; Reply Attorney Affirmation [Doc. No. 27], Reply Exhibit [Doc. No. 28].
After argument heard on April 16, 2025, the court finds as follows:
RELEVANT FACTS AND PROCEDURAL HISTORY
Petitioner's 90-day termination notice is dated February 23, 2024, expires on June 5, 2024, and was purportedly served by conspicuous place service ("nail and mail") in late February 2024. The termination notice states that the "landlord does not intend to renew your current lease" and references the then applicable Real Property Law § 226-c (RPL). (see NYSCEF Doc. No. 3). This kind of notice precedes what is commonly referred to as a "no-grounds" holdover.
On April 20, 2024 the Good Cause Eviction Law (GCEL) went into effect. GCEL restricts the removal of protected occupants from certain dwellings as of the effective date. (see [*2]L 2024, ch 56, part HH §§ 1; Queens St. Albans Holdings, LLC v Sands, 85 Misc 3d 275, 276 [Civ Ct, Queens County 2024]). As such, if the premises are covered by GCEL, "no grounds" proceedings are barred. (see 1719 Gates, LLC v Torres, 226 NYS3d 366, 368 [Civ Ct, Queens County 2024). However, a covered landlord may still seek possession on one of the good cause grounds listed in RPL § 216(1).
There is no dispute that the subject premises are subject to GCEL. Consequently, the petition claims an exception (" the tenant's conduct constitutes a nuisance which interferes with the comfort or safety of other tenants or occupants in the building."). (see petition at NYSCEF Doc. No. 1).
Respondent now moves for dismissal under various grounds.
First, respondent argues that petitioner may not proceed on the "nuisance" exception because the notice of termination "does not even mention the alleged nuisance behavior, much less describe it." (Hainbach affirmation at NYSCEF Doc. No. 10, par. 23). Respondent argues that under traditional pleading standards not only is the termination notice inadequate, but so is the petition. The gravamen of respondent's argument is the petition here cannot rely on the facts stated in the termination notice because there are none and, as such, the petition fails to state a cause of action.
Respondent also alleges the termination notice was vitiated because petitioner accepted rent in the "window period" between termination of the tenancy and commencement of the case.
Respondent further alleges the termination notice must expire at the end of a calendar month because she had a month-to-month tenancy that ran from the first to the end of each month.
Respondent also argues that the termination notice was improperly served. She claims she did not see it posted on her door, that she was home on the first date service was attempted and "would have come to the door if I'd heard someone knock." She claims she was "probably" home on the second date service was attempted and would have similarly gone to the door. (see Cribbs affirmation at NYSCEF Doc. No. 11).
Respondent's counsel makes the argument that the affidavit of service for the termination notice is facially defective because it fails to describe the door to which the notice was affixed, citing General Business Law § 89-cc (GBL).
In response, petitioner argues that the predicate notice was sufficient at the time served because it did not need to state any cause, that GCEL does not have retroactive effect as to notices already served, and that the petition is adequate because it incorporates the predicate notice. As to vitiation, petitioner argues that it exhibited no intent to reinstate the tenancy. Petitioner states that the single Section 8 payment amounts to an unsolicited "lock-box" type payment which cannot support vitiation. Petitioner argues the termination notice complies with the current RPL § 232-a, which states the respondent must vacate by the "day designated in the notice" rather than the end of a tenant's term. Finally, petitioner argues that respondent's denials of receipt of the termination notice are conclusory.[FN1]

In reply, respondent reiterates that the predicate notice does not plead sufficient facts for the respondent to defend what has become a nuisance case. She states that no such facts are included in the petition either.

DISCUSSION
When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction. The court must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR § 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one." (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see also Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
Thus, "a motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law." (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38, [2d Dept. 2006]; see also Leon v Martinez, 84 NY2d at 87-88; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]).
Critically, "[o]n a motion made pursuant to CPLR § 3211(a)(7) the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party." (Sokol v Leader, 74 AD3d 1180, 1181 [2d Dept 2010] [emphasis added]).
Service of the Termination Notice
Respondent challenges service of the termination notice, claiming in her affidavit that she "was home February 24, 2024 at 9:07 PM and would have come to the door if I'd heard someone knock." Respondent further alleges that she "was probably home also on February 26, 2024 at 12:41 PM, and would have come to the door if I'd heard someone knock." (NYSCEF Doc. 11, par. 11).
A process server's facially sufficient affidavit of service creates a presumption of proper service. (see HSBC Bank USA, NA v Rahmanan, 194 AD3d 792, 793 [2d Dept 2021]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
To properly challenge an affidavit of service, a respondent must swear to specific facts disputing those alleged in the affidavit of service. (see In re Annata M., 140 AD3d 959, 960 [2d Dept 2016]; ACT Props., LLC v Garcia, 102 AD3d 712, 713 [2d Dept 2013]).
Here, respondent's statement that she was "probably" home February 26, 2024 does not sufficiently rebut the affidavit of service. (see Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Iaboni, 230 AD3d 1204, 1206 [2d Dept 2024]).
The statement that respondent was home on February 24, 2024 and would have come to the door if she had heard a knock presents a slightly closer call. However, the statement is not substantiated in any way. (see TBF Financial, LLC v Eagle Tours, LLC, 172 AD3d 1269, 1270 [2d Dept 2019] (An affidavit that is conclusory or bare and unsubstantiated is not sufficient to rebut the presumption) [emphasis added and quotations omitted]); Nationstar Mortgage, LLC v Esdelle, 186 AD3d 1384, 1387 [2d Dept 2000] (sworn denial, together with documentary and other evidence, sufficient to rebut the process server's affidavit)).
Other courts considering similar affidavits have reached the same conclusion. In Joan Ford Revocable Living Tr. v Ford the court [Hon. L. Schiff] held that it is not enough for a respondent to state they were home at the time of the service attempt. (82 Misc 3d 1248(A), 4 [Civ Ct, Queens County 2024]). Similarly, the court [Hon. S. Basu] in Lindsay Partners LLC v Young found that even affirmatively stating a respondent was home and heard no knocking was insufficient to raise a personal jurisdiction defense. (83 Misc 3d 1294(A), [Civ Ct, Kings County [*3]2024).[FN2]

The court notes that respondent does not swear that she would have responded to every knock on the door, only that she would have done so "if" she heard it.
To the extent that respondent argues improper service of the predicate notice and/or a facially defective affidavit of service because the affidavit of service fails to describe the apartment door, the argument is without merit. § 89-cc of the General Business Law (GBL) states the information a process server must record in their logs. One such item is "a description of the color of the door to which the summons is affixed." (GBL § 89-cc(h)). However, there is no requirement that all the information recorded in the log also be stated in the affidavit of service.
Based on the above, dismissal for alleged improper service of the termination notice is denied.
Vitiation
Acceptance of rent payments during the period after expiration of a notice of termination but before commencement of the proceeding (the "window period") can, under certain circumstances, vitiate the predicate notice and nullify the proceeding. (see 1412 Broadway LLC v. Great White Bear, LLC, 18 Misc 3d 1121(A]), *3 [Civ Ct, New York County 2007], citing Gramercy Realty Co. v Smith, NYLJ, March 24, 1981, at 6, col 1 [App Term, 1st Dept 1981]).
Vitiation is nothing more than a waiver argument. A waiver is an intentional abandonment of a known right and the party claiming waiver has the burden of proving it. (see City of New York v State, 40 NY2d 659, 669 [1976]. This is usually a triable issue. (see 145 East 16th Street LLC v Nanda, 61 Misc 3d 128(A) [App Term, 1st Dept 2018] citing Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 446 [1984] ("waiver is essentially a matter of intent which must be proved" and "is an issue better suited to be decided at trial."); see also Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 105 [2d Dept 2015] (holding there must be "unequivocal evidence of a landlord's intent to waive its right to proceed)).
Respondent fails to establish waiver as a matter of law where petitioner received a single, unsolicited rent check from a third party, sent automatically during the window period. (see e.g. Scarborough Manor Owner Corp. v Robson, 57 Misc 3d 877, 879 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Sebco Housing Dev't Fund Comp., Inc. v Acosta, 66 Misc 3d 147(A), 1 [App Term, 1st Dept 2020]; Underhill Realty Co., LLC v Almonte, 84 Misc 3d 651, 663-64 [Civ Ct, Bronx County 2024]).
Based on the above, dismissal based on vitiation is denied.
The Termination Notice Does Not Expire at the End of Calendar Month
Respondent points out that the pre-HSTPA iteration of RPL § 232-a stated as follows:
No monthly tenant, or tenant form month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant...a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom. (emphasis added).
The current version has replaced the above emphasized language with "on the day designated in the notice." (RPL § 232-a).
Respondent argues that despite this unambiguous change that termination notices must still expire at the end of the term.
"Where statutory language is clear and unambiguous, the court should give effect to its plain meaning." Overton v Town of Southampton, 50 AD3d 1112, 1113 (2d Dept 2008); Anonymous v Molik, 32 NY3d 30, 37 [2018]; Castillo v Prince Plaza, LLC, 142 AD3d 1127, 1129 [2d Dept 2016]).
Relatedly, courts must avoid reading statutory terms in such a way as to render them superfluous. (see Hoffmann v New York State Indep. Redistricting Comm'n, 41 NY3d 341, 359 [2023]; Robert E. Havell Revocable Tr. v Zoning Bd. of Appeals of Vill. of Monroe, 127 AD3d 1095, 1098 [2d Dept 2015]; 276-W71 LLC v G.S., 80 Misc 3d 216, 223 [Civ Ct, New York County 2023]).
Respondent's preferred reading would render the change to RPL § 232-a entirely meaningless. A plain reading of the statute allows for the termination notice to expire on any specified day so long as sufficient time is afforded.
Consequently, dismissal on this ground is denied.
Insufficient Termination Notice and Petition
At first blush, respondent's motion focuses on the termination notice's failure to plead good cause. However, as the termination notice was served prior to the enactment of GCEL, this argument has no merit.
Recent court decisions have made it clear that "nothing in the GCEL expresses a legislative intention for a retroactive operation of the statute." (Lau v Zheng, 225 NYS3d 854, 857 (Civ Ct, Kings County 2025]; QN St. Albans Holdings LLC v Sands, 85 Misc 3d 275, 279 [Civ Ct, Queens County 2024] ("...the legislature allowed non-renewal and termination notices served pursuant to RPL § 226-c and RPL § 232-a before the passage of GCEL, some requiring as much as 90 days of notice, to remain viable, indicative of a legislative intent to avoid invalidating legal papers that complied with the law when they were prepared."); see also Gunther v 29th St. PVP, LLC, 2025 NY Slip Op 02912, 1 [2d Dept 2025] ("Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated")).
Upon further review, respondent's argument is more nuanced than simply "the predicate notice fails to allege sufficient facts." It is best stated in the reply affirmation, "[t]he Court should find in Respondent's favor that the predicate notice cannot possibly suffice when it does not mention the word nuisance, and when the petition does not elaborate on what behavior the alleged nuisance is based on." (Reply affirmation at NYSCEF Doc. No. 27, par. 20 [emphasis added]). In other words, reading the termination notice and petition together, petitioner has failed to state a claim.[FN3]
(see also NYSCEF Doc. 10, par. 35 ["The Petition cannot step in to say what [*4]the Predicate Notice does not, but even if it could, the brief conclusory statement contained in the Petition would also be found insufficient."]).
This is an argument that the petition does not plead sufficient facts, (see RPAPL 741(4)), and the court may consider it even where it is not formally requested. (see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2d Dept 2009] (court may grant relief that is warranted by the facts plainly appearing on the papers)).
The petition was served post enactment of GCEL and, as such, if the housing accommodation is subject to GCEL, the petition must plead an exception under RPL § 216. (see Lau v Zheng, 225 NYS3d at 856-57, citing Qn St. Albans Holdings LLC v Sands, 85 Misc 3d at 277-78).
Here, the petition alleges the premises are "exempt" from GCEL "due to the fact that the tenant's conduct constitutes a nuisance which interferes with the comfort or safety of other tenants or occupants in the building." (NYSCEF Doc. No. 1, par. 7).
This "nuisance" ground is found in RPL § 216(1)(c). It is undisputed that the pre-GCEL notice of Termination does not state any facts regarding nuisance. It is clear that the post-GCEL petition merely tracks statutory language.
The question is whether this satisfies long-standing pleading requirements.
RPAPL § 741(4) requires that every petition "state the facts upon which the special proceeding is based." Courts have repeatedly held that this requires that petitions "include a concise statement of the ultimate facts upon which the proceeding is based." (June-July Tr. By Everetts v Fletcher, 71 Misc 3d 126(A), 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Migliaccio v Childs, 65 Misc 3d 131(A), 1 [App Term, 2d Dept 2019]).
At a minimum, a petition should state enough material facts to give the court and the respondent "adequate notice of the transaction and the material elements of the proceeding." (148 S. Emerson Partners, LLC v 148 S. Emerson Assocs., LLC, 157 AD3d 889, 890 [2d Dept 2018]). Facts in a petition are crucial "so that the respondent may adequately frame a defense." (Tompkins ParkSt. Marks Assocs. v Boz Boz II Enters., Ltd., 177 Misc 2d 949, 950 [App. Term, 1st Dept 1998]; City of New York v Valera, 216 AD2d 237, 237—38 [1st Dept 1995]).
The court at this point notes that most petitions do not allege these required facts in their body. The common practice is to incorporate by reference predicate notices into the petition. (see Woodlawn 278-305, LLC v Barnett, 72 Misc 3d 1208(A), 4 [Civ Ct, Bronx County 2021] ("In a summary eviction proceeding, the 'four corners' of the petition include any required predicate notices that are annexed and incorporated by reference."); Hillside Park 168 LLC v Anwar MD, 79 Misc 3d 1219(A), 2 [Civ Ct, Queens County 2023]; Hope E. of Fifth HDFC, Inc. v Cruz, 73 Misc 3d 1213(A), 3 [Civ Ct, New York County 2020]; see also Jamaica Seven, LLC v Villa, 67 Misc 3d 138(A), 2 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020) (licensee petition dismissed because "the petition fails to state the facts upon which the petition is based" where the notice to quit contained "bare allegation that occupant and his sister were licensees.")).
Here, the termination notice is incorporated into the petition. (see NYSCEF Doc. 1, par. 4). As stated above, the termination notice [in this case] can rightly be bereft of facts. However, the petition, due to RPAPL § 741(4), cannot similarly be lacking.
Recently, in RP Wimbledon Owner, LLC v Chisholm, the court asked whether the GCEL Rider, Notice of Non-Renewal and conclusory allegations of non-payment "taken together, satisfy the requirements of § 741(4)." (2025 NY Slip Op 25071, 4 [Civ Ct, New York County [*5]2025]). The court held the petition did not comply with § 741(4) "because the plain statement of a lump sum of arrears failed to provide the Respondent with the information necessary to identify and interpose potential defenses." (id).
There is no doubt that GCEL "dramatically alters the residential rental housing landscape in New York City for covered dwellings." (1719 Gates LLC v Torres, 85 Misc 3d 556, 558 [Civ Ct, Queens County 2024], modified, 85 Misc 3d 906 (Civ Ct, Queens County 2024). However, nothing in the Good Cause law allows for petitioner to skirt fundamental pleading requirements.
Consequently, the petition, which does not state any facts about the alleged nuisance, such that the respondent can understand the claim made against her and allow her to prepare a defense, does not pass § 741(4) muster.[FN4]

CONCLUSION
Based on all the foregoing, respondent's motion to dismiss the case is granted. Judgment shall enter in her favor.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: May 16, 2025
Queens, New York
HON. SHORAB IBRAHIM
Judge, Housing Part

Footnotes

Footnote 1:Petitioner also addresses service of the petition and notice of petition, which the respondent did not dispute.

Footnote 2:For the level of detail and substantiation that might be required, the court refers the reader to HSBC Bank USA, Nat'l Ass'n v Assouline, 177 AD3d 603, 604—05 [2d Dept 2019] and Deutsche Bank Nat'l Tr. Co. v Kenol, 205 AD3d 1004, 1005 [2d Dept 2022].

Footnote 3:The argument is not first raised in reply. The Hainbach affirmation in support of the motion states, in relevant parts: "Here, the Petition fails to state a cause of action because the predicate Notice of Termination that the Petition relies on does comply with Good Cause." (NYSCEF Doc. No. 10, par. 24); "Respondent's position is that the Notice of Termination cannot support the Petition " (id at par. 25); "The Petition cannot step in to say what the Predicate Notice does not, but even if it could, the brief conclusory statement contained in the Petition would also be found insufficient." (id at par. 35). Petitioner, for its part, does not address this argument.

Footnote 4:As petitioner did not move to amend its petition, the court has no cause to address whether amendment is possible under these circumstances. (see generally Henry v Kingsberry, 66 Misc 3d 143(A), 1 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2020] ("Civil Court was within its discretion to decline to amend the pleadings sua sponte.")).