Turner v Sideris (2020 NY Slip Op 05793)





Turner v Sideris


2020 NY Slip Op 05793


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04413
 (Index No. 9565/15)

[*1]Kim Turner, et al., appellants, 
v
George Sideris, etc., respondent.


Berkowitz & Weitz, P.C., New York, NY (Andrew D. Weitz of counsel), for appellants.
Chartwell Law Offices, LLP, New York, NY (Jack Gross of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 11, 2019. The order, after a hearing to determine the validity of service of process, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, among other things, to recover damages for personal injuries. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. Following a hearing to determine the validity of service of process, the Supreme Court granted that branch of the defendant's cross motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, a hearing was necessary to determine whether service was validly effected. Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, thus, gives rise to a presumption of proper service (see HMC Assets, LLC v Dhanani, 173 AD3d 700, 701). However, a sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit generally rebuts the presumption of proper service and necessitates a hearing (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988; Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625). In this case, the affidavits submitted by the defendant rebutted the presumption of proper service and necessitated a hearing on the issue of service.
"At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence" (Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501). In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019). [*2]Here, we agree with the Supreme Court's determination, based in part on its assessment of witness credibility, that the plaintiffs failed to meet their burden at the hearing.
The plaintiffs' remaining contentions do not warrant a contrary result.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court