US Bank N.A. v Chkifati (2022 NY Slip Op 02151)





US Bank N.A. v Chkifati


2022 NY Slip Op 02151


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-06540
 (Index No. 27813/09)

[*1]US Bank National Association, etc., appellant,
v
Kasem Chkifati, et al., respondents, et al., defendants.


Reed Smith LLP, New York, NY (Andrew B. Messite and James N. Faller of counsel), for appellant.
Law Office of Alan J. Sasson, P.C., Brooklyn, NY (Cory H. Morris of counsel), for respondent Kasem Chkifati.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 3, 2018. The order, after a hearing to determine the validity of service of process, granted those branches of the separate motions of the defendants Kasem Chkifati and Boulin Chkifati which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Pamela L. Fisher, J.) dated December 31, 2015, and thereupon directed dismissal of the complaint.
ORDERED that the order is reversed, on the law and the facts, with one bill of costs, and those branches of the separate motions of the defendants Kasem Chkifati and Boulin Chkifati which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale are denied.
In November 2009, the plaintiff commenced this action against, among others, the defendants Kasem Chkifati and Boulin Chkifati (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property owned by the defendants in Brooklyn (hereinafter the property). After the matter was released from the foreclosure settlement part in January 2012, the defendants did not answer the complaint or make a pre-answer motion to dismiss the complaint. In March 2014, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The court issued an order and judgment of foreclosure and sale on December 31, 2015.
In August 2018, before the property was sold, the defendants separately moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale on the ground of lack of personal jurisdiction. After a hearing to determine the validity of service of process on the defendants, the Supreme Court determined that the defendants were not properly served, granted those branches of their separate motions which were pursuant to CPLR 5015(a)(4) [*2]to vacate the order and judgment of foreclosure and sale, and thereupon directed dismissal of the complaint. The plaintiff appeals.
The Supreme Court should have denied those branches of the defendants' motions which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale. "[A]n appearance of the defendant is equivalent to personal service of the summons upon him [or her], unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211" (id. § 320[b]). The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction (see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182).
Here, it is undisputed that in September and October 2011, an attorney appeared in the action on behalf of the defendants by filing notices of appearance that represented that counsel was making "a limited appearance for the settlement conference pursuant to CPLR Rule 3408." However, neither the defendants nor counsel for the defendants raised any objection to personal jurisdiction at that time by either a timely motion to dismiss on that ground or by interposing a timely answer asserting lack of personal jurisdiction (see U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1181-1182). Although the notices of appearance purported to limit counsel's appearance to the foreclosure settlement conferences, "such language 'is not a talisman to protect the defendant[s] from [their] failure to take timely and appropriate action to preserve [their] defense of lack of personal jurisdiction'" (U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650, quoting JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192-1193). Since the defendants had waived the defense of lack of personal jurisdiction by failing to timely assert it, that defense was not a proper basis on which to vacate the order and judgment of foreclosure and sale (see U.S. Bank N.A. v Pepe, 161 AD3d at 812-813).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the defendants' motions which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court