HSBC Bank USA N.A. v Mohammed (2022 NY Slip Op 05843)

HSBC Bank USA N.A. v Mohammed

2022 NY Slip Op 05843

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-03527
 (Index No. 704722/16)

[*1]HSBC Bank USA National Association, etc., appellant, 
v
Hazra Ali Mohammed, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, New York, NY (Daniel S. LoPresti of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered February 18, 2020. The order granted those branches of the motion of the defendant Hazra Ali Mohammed which were, in effect, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered August 26, 2019, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and those branches of the motion of the defendant Hazra Ali Mohammed which were, in effect, to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction are denied.
In April 2016, the plaintiff commenced this action against, among others, the defendant Hazra Ali Mohammed (hereinafter the defendant) to foreclose a mortgage encumbering certain real property owned by the defendant in Queens (hereinafter the subject property). After the matter was released from the foreclosure settlement part in July 2017, the defendant did not answer the complaint or make a pre-answer motion to dismiss the complaint. In an order entered November 5, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered August 26, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
In November 2019, days before the subject property was scheduled to be sold, the defendant moved, inter alia, in effect, to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff opposed the motion. In an order entered February 18, 2020, the Supreme Court granted those branches of the defendant's motion. The plaintiff appeals.
"[A]n appearance of the defendant is equivalent to personal service of the summons upon him [or her], unless an objection to jurisdiction under [CPLR 3211(a)(8)] is asserted by motion or in the answer as provided in [CPLR] 3211" (CPLR 320[b]). "The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to [*2]dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Chkifati, 203 AD3d 1213, 1214; see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491).
Here, it is undisputed that in May 2017, an attorney appeared in the action on behalf of the defendant by filing a notice of appearance that represented that counsel was making a limited appearance for the foreclosure settlement conference. However, neither the defendant nor counsel for the defendant "raised any objection to personal jurisdiction at that time by either a timely motion to dismiss on that ground or by interposing a timely answer asserting lack of personal jurisdiction" (U.S. Bank N.A. v Chkifati, 203 AD3d at 1214; see U.S. Bank N.A. v Pepe, 161 AD3d 811, 813). Although the notice of appearance purported to limit counsel's appearance to the foreclosure settlement conference, "such language 'is not a talisman to protect the defendant[ ] from [her] failure to take timely and appropriate action to preserve [her] defense of lack of personal jurisdiction'" (U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650, quoting JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192-1193). Since the defendant had waived the defense of lack of personal jurisdiction by failing to timely assert it, that defense was not a proper basis on which to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against the defendant (see U.S. Bank N.A. v Chkifati, 203 AD3d at 1214-1215; U.S. Bank N.A. v Pepe, 161 AD3d at 812-813).
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were, in effect, to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court