U.S. Bank N.A. v Smith (2022 NY Slip Op 06156)

U.S. Bank N.A. v Smith

2022 NY Slip Op 06156

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-12144
 (Index No. 1434/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Dwyne Smith, etc., et al., appellants, et al., defendants.

Charles Zolot, Jackson Heights, NY, for appellants.
Shapiro, DiCaro & Barak, LLC (Reed Smith, LLP, New York, NY [Natsayi Mawere, Andrew B. Messite, and James Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Dwyne Smith and Michelle Smith appeal from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), dated June 17, 2019. The order denied those defendants' motion pursuant to CPLR 5015(a)(1) and (4) to vacate a judgment of foreclosure and sale of the same court (Thomas A. Adams, J.) dated November 29, 2016, entered upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
In February 2014, the plaintiff commenced this action against the defendants Dwyne Smith and Michelle Smith (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Nassau County. The defendants did not answer the complaint. In July 2016, the plaintiff obtained an order of reference. In a judgment of foreclosure and sale dated November 29, 2016, the Supreme Court confirmed the referee's report and directed the sale of the subject property.
In April 2019, the defendants moved pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale. In an order dated June 17, 2019, the Supreme Court denied the defendants' motion. The defendants appeal. We affirm.
Contrary to the plaintiff's contention, the defendants did not waive the issue of personal jurisdiction. "'A defendant may waive the issue of . . . personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss'" (Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741, quoting JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686; see U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589). "'A defendant may appear informally by actively litigating the action before the court'" (Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d at 741, quoting Taveras v City of New York, 108 AD3d 614, 617; see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1129). Alternatively, "[t]he filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Chkifati, 203 AD3d 1213, 1214).
Here, the plaintiff failed to establish that the defendants waived the defense of lack [*2]of personal jurisdiction by informally appearing in the matter. In opposition to the defendants' motion to vacate their default, the plaintiff argued that the defendants attended settlement conferences, and offered evidence in the form of a "Residential Foreclosure Conference Part Order" dated January 20, 2015, where it was indicated that the defendants were present with counsel. The record is unclear, however, whether the settlement conferences were mandatory such that the defendants' participation would "not constitute active litigation of the action or participation in the action on the merits" (PennyMac Corp. v Barbosa, 189 AD3d 863, 864; see Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d at 741). In addition, there is no evidence that counsel ever filed a formal notice of appearance on the defendants' behalf (cf. Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 770), and there is no evidence describing the nature of the purported representation (cf. U.S. Bank N.A. v Chkifati, 203 AD3d at 1214; HSBC Bank USA, N.A. v Taub, 170 AD3d at 1129) or the duration of the representation beyond the date indicated in the "Residential Foreclosure Conference Part Order" dated January 20, 2015.
Contrary to the plaintiff's further contention, the defendants' postjudgment motion to vacate their default on the grounds, among others, that the plaintiff failed to negotiate in good faith during the settlement conferences, did not constitute active litigation of the action or participation in the action on the merits (see generally US Bank N.A. v McGown, 200 AD3d 826, 828; U.S. Bank N.A. v Cadoo, 197 AD3d at 590).
Nevertheless, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale due to lack of personal jurisdiction over them, as the court obtained jurisdiction upon the service of the summons and complaint (see id. § 308[1], [2]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, thus, gives rise to a presumption of proper service" (Turner v Sideris, 187 AD3d 963, 963; see U.S. Bank N.A. v Rauff, 205 AD3d 963). "'To be entitled to vacatur of a default judgment and dismissal of a complaint under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service'" (U.S. Bank N.A. v Rauff, 205 AD3d at 964-965, quoting Machovec v Svoboda, 120 AD3d 772, 773; see HMC Assets, LLC v Dhanani, 173 AD3d 700, 701). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (U.S. Bank N.A. v Rauff, 205 AD3d at 965, quoting HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663; see HSBC Bank USA v Archer, 173 AD3d 984, 985; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719).
Here, the process server's affidavits of service, in which he averred that he personally served Dwyne Smith at his residence on February 22, 2014, and at the same time served Michelle Smith by delivering a copy of the summons and complaint to Dwyne Smith, and thereafter mailing a copy of the summons and complaint to Michelle Smith, constituted prima facie evidence of valid service pursuant to CPLR 308(1) and (2) (see U.S. Bank N.A. v Rauff, 205 AD3d 963). The affidavits submitted by the defendants failed to rebut the presumption of proper service. The defendants' assertion that Dwyne Smith was not home at the time service was effected was unsubstantiated (see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1041). Further, the discrepancy alleged by Dwyne Smith between his appearance and the description of the person served contained in the process server's affidavit was either too minor or insufficiently substantiated to warrant a hearing (see U.S. Bank N.A. v Rauff, 205 AD3d 963; US Bank N.A. v Cherubin, 141 AD3d 514, 516).
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale. A party seeking to vacate their default in answering a complaint under CPLR 5015(a)(1) is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (see U.S. Bank N.A. v Rauff, 205 AD3d 963; Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662, 663). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (see Stango v Byrnes, 200 AD3d 821, 821; Garcia v City of New York, 189 AD3d 788, 788-789).
Here, the defendants failed to demonstrate a reasonable excuse on the ground that they were not properly served (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 653; HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1132). To the extent the defendants asserted that their participation [*3]in settlement conferences excused their default, the contention is without merit (see Cumanet, LLC v Murad, 188 AD3d 1149, 1153; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648). Since the defendants failed to establish a reasonable excuse for their default in answering the complaint, it is unnecessary to consider whether they established the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1304 (see U.S. Bank N.A. v Rauff, 205 AD3d 963; Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739).
The defendants' contention that Michelle Smith was entitled to relief pursuant to CPLR 317 is improperly raised for the first time on appeal (see JPMorgan Chase Bank, N.A. v Soussis, 165 AD3d 1240, 1241).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court