Ross v Emefieh (2024 NY Slip Op 02338)

Ross v Emefieh

2024 NY Slip Op 02338

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-08032
 (Index No. 504608/20)

[*1]Lenwood Ross, respondent, 
v
John Emefieh, et al., appellants, et al., defendant.

Craig K. Tyson, New York, NY, for appellants.

DECISION & ORDER
In an action to recover on a promissory note, the defendants John Emefieh and TYC Realty, Inc., appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), entered August 24, 2022. The order denied that branch of those defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and, in effect, denied that branch of those defendants' motion which was pursuant to CPLR 2004 for leave to file a late answer.
ORDERED that the order is affirmed, without costs or disbursements.
In a promissory note sworn to on July 30, 2019 (hereinafter the note), the defendants, John Emefieh, TYC Realty, Inc. (hereinafter TYC), and 531 Classon Avenue, LLC, jointly and severally acknowledged that they were indebted to the plaintiff in the amount of $250,000. According to the terms of the note, the plaintiff agreed to accept a discounted amount of $150,000, provided payment was received on or before August 1, 2021. The note was secured by a 50% interest in real property located in Wyandanch. In the event the defendants failed to properly record a deed conveying a substantially unencumbered interest in the Wyandanch property to the plaintiff on or before August 25, 2019, the full amount of $250,000 would become due and payable immediately.
On February 25, 2020, the plaintiff commenced this action against the defendants alleging that no deed to the Wyandanch property was recorded on or before August 25, 2019, and, therefore, the full amount of $250,000 was due and payable immediately. According to the affidavits of service, Emefieh and TYC were personally served with the summons and complaint (see CPLR 308[1]; 311[a][1]).
In an order dated March 17, 2021, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment upon the defendants' failure to file an answer and directed entry of a judgment in favor of the plaintiff and against the defendants for the amount demanded in the complaint, together with interest and costs. On June 14, 2021, a judgment was entered in favor of the plaintiff and against the defendants in the total sum of $279,687.50.
On May 31, 2022, Emefieh and TYC (hereinafter the moving defendants) mvoed pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and pursuant to CPLR 2004 for leave to file a late answer. In an order entered August 24, 2022, the Supreme Court denied that branch of the moving defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and, in effect, denied that branch of those defendants' motion which was pursuant to CPLR 2004 for leave to file a late answer. The moving defendants [*2]appeal.
"CPLR 5015(a)(1) provides that a party may be relieved from an order, among other grounds, upon the ground of 'excusable default'" (Cortazar v Cojam Const., Inc., 222 AD3d 713, 714; see Beach 28 RE, LLC v Somra, 216 AD3d 610). In order to vacate their default in appearing, the moving defendants were "required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (Cortazar v Cojam Const., Inc., 222 AD3d at 714; see CPLR 5015[a][1]; Beach 28 RE, LLC v Somra, 216 AD3d at 611). "[T]he determination of what constitutes a reasonable excuse lies within the sound discretion of the motion court" (Cortazar v Cojam Const., Inc., 222 AD3d at 714 [internal quotation marks omitted]; see U.S. Bank N.A. v Smith, 210 AD3d 725, 728).
Here, Emefieh was served with the summons and complaint, individually and as the Chief Officer and authorized representative of TYC, by personal service at Emefieh's office. The moving defendants' unsupported and vague assertion, inter alia, that the summons and complaint were hidden amongst documents handed to Emefieh, and were not discovered until months later, did not establish a reasonable excuse for their failure to answer the complaint (see U.S. Bank N.A. v Smith, 210 AD3d 725, 727; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1046). Since the moving defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see Cortazar v Cojam Const., Inc., 222 AD3d at 714; U.S. Bank N.A. v Smith, 210 AD3d at 728).
Finally, the Supreme Court providently exercised its discretion in, in effect, denying that branch of the moving defendants' motion which was pursuant to CPLR 2004 for leave to file a late answer, given the moving defendants' failure to offer a reasonable excuse for their default (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403).
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court