Wells Fargo Bank, N.A. v Lewis (2024 NY Slip Op 05472)

Wells Fargo Bank, N.A. v Lewis

2024 NY Slip Op 05472

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-06376
 (Index No. 135842/16)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Ocie Lewis, appellant, et al., defendants.

David M. Harrison, Brooklyn, NY, for appellant.
LOGS Legal Group LLP (Greenberg Traurig, LLP, New York, NY [Sarah D. Lemon and Patrick G. Broderick], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ocie Lewis appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated June 30, 2022. The order, insofar as appealed from, denied those branches of that defendant's cross-motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated November 27, 2019, entered upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him based on, inter alia, a violation of RPAPL 1301.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Ocie Lewis and Jennifer Shenk executed a note in the principal sum of $280,250, which was secured by a mortgage on certain real property located in Staten Island (hereinafter the subject property). In 2012, the plaintiff commenced an action against Lewis and Shenk, among others, to foreclose the mortgage, alleging, inter alia, that they had defaulted in making their monthly payments due under the subject loan documents (hereinafter the 2012 foreclosure action). In June 2015, Lewis entered into a loan modification agreement whereby the modified principal balance due under the loan documents was $472,063.77.
In 2016, the plaintiff commenced this action against Lewis, among others, to foreclose the mortgage. Lewis failed to answer the complaint or otherwise appear in the action.
In March 2018, the Supreme Court granted the plaintiff's motion to discontinue the 2012 foreclosure action. In March 2019, the court granted the plaintiff's motion, among other things, for leave to enter a default judgment against Lewis and for an order of reference. In an order and judgment of foreclosure and sale dated November 27, 2019, the court, inter alia, confirmed the report of the referee and directed the sale of the subject property.
In February 2020, the plaintiff moved for an extension of time to conduct the sale of the subject property, and Lewis opposed the motion. In March 2021, Lewis cross-moved, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure [*2]and sale and to dismiss the complaint insofar as asserted against him based on, inter alia, a violation of RPAPL 1301. The plaintiff opposed the cross-motion. The court, among other things, denied those branches of Lewis's cross-motion. Lewis appeals.
The Supreme Court properly denied that branch of Lewis's cross-motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. "A party seeking to vacate their default in answering a complaint under CPLR 5015(a)(1) is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Smith, 210 AD3d 725, 728). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (id.; see Stango v Byrnes, 200 AD3d 821, 822).
Here, Lewis contends that the pendency of the 2012 foreclosure action at the time of service of process upon him in this action created "understandable confusion" in that he thought the summons and complaint he was personally served with at the subject property in this action related instead to the 2012 foreclosure action. As Lewis failed to aver to any additional detail with regard to his confusion, including any action he took to address it, he failed to demonstrate that the Supreme Court improvidently exercised its discretion in determining that his explanation did not amount to a reasonable excuse for his default.
Since Lewis failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he established the existence of a potentially meritorious defense (see U.S. Bank N.A. v Smith, 210 AD3d at 728).
Further, "the judgment of foreclosure and sale is conclusive of all issues that could have been raised in the foreclosure action" (17455 128 Ave., Inc. v HSBC Bank USA, N.A., 228 AD3d 602, 603; see Deutsche Bank Natl. Trust Co. v Matheson, 229 AD3d 505). Here, the entry of the order and judgment of foreclosure and sale in this action bars consideration of the issues raised by Lewis, including the plaintiff's alleged violation of RPAPL 1301 and the purported invalidity of the loan modification agreement, since those issues could have been raised during the pendency of the action and prior to the entry of the order and judgment of foreclosure and sale (see U.S. Bank N.A. v Smith, 210 AD3d at 728).
The parties' remaining contentions need not be reached in light of our determination.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court