U.S. Bank N.A. v Bienenstock (2020 NY Slip Op 03136)





U.S. Bank N.A. v Bienenstock


2020 NY Slip Op 03136


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09868
 (Index No. 1270/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Stuart Bienenstock, etc., et al., appellants, et al., defendants.


Law Offices of Sanford F. Young, P.C., New York, NY, for appellants.
McCabe, Weisberg & Conway, LLC (Blank Rome LLP, New York, NY [Timothy W. Salter and Diana M. Eng], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stuart Bienenstock and Erica Bienenstock appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 10, 2017. The order denied those defendants' motion, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered December 18, 2013, upon their failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against them, inter alia, for lack of personal jurisdiction, or, in the alternative, to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed, with costs.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). "[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Natl. Bank Assn. v Melton, 90 AD3d 742, 743). A bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (U.S. Natl. Bank Assn. v Melton, 90 AD3d at 743; see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015).
Here, the affidavits of service of the plaintiff's process server constituted prima facie evidence of proper service on the defendants Stuart Bienenstock and Erica Bienenstock (hereinafter together the defendants) (see Real Estate Mtge. Network, Inc. v Martinez, 166 AD3d 1028), and the claimed discrepancies between the appearance of Erica Bienenstock and the description in the process server's affidavits were either too minor or insufficiently substantiated to warrant a hearing [*2](see Wells Fargo Bank, NA v Johnston, 175 AD3d 744). Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them, inter alia, for lack of personal jurisdiction, or, in the alternative, to compel the plaintiff to accept a late answer.
In view of our determination, we need not address the defendants' remaining contentions.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court