HSBC Bank USA, N.A. v Rahmanan (2021 NY Slip Op 03023)





HSBC Bank USA, N.A. v Rahmanan


2021 NY Slip Op 03023


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-02261
 (Index No. 13737/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Anthony Rahmanan, appellant, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY (Ryan Blitz of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony Rahmanan appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 2, 2019. The judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered January 2, 2019, granting the plaintiff's motion, inter alia, for leave to enter a judgment of foreclosure and sale and to confirm a referee's report, and denying, without a hearing, those branches of that defendant's cross motion which were pursuant to CPLR 5015(a) to vacate an order of reference of the same court (Thomas A. Adams, J.) entered May 9, 2016, upon his default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, directed the sale of the subject property. The notice of appeal from the order entered January 2, 2019, is deemed to be a notice of appeal from the judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In September 2005, the defendant Anthony Rahmanan (hereinafter the defendant) borrowed $367,400 from the plaintiff's predecessor-in-interest. The indebtedness was evidenced by a note executed by the defendant. The note was secured by a mortgage encumbering certain real property in Oceanside. In July 2009, the defendant defaulted on his payment obligations under the note and mortgage.
In November 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. On December 10, 2013, the defendant allegedly was served with the summons and complaint, and other documents, pursuant to CPLR 308(1), but failed to appear in the action or interpose a timely answer. Thereafter, the plaintiff moved for an order of reference. In an order entered May 9, 2016, the Supreme Court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved, among other things, to confirm the referee's report and for leave to enter a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, to vacate the order of reference and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered [*2]January 2, 2019, the court granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale entered on the same date, the court, among other things, directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). Pursuant to CPLR 308(1), personal service may be made "by delivering the summons within the state to the person to be served."
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "'Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits'" (BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689, quoting Scarano v Scarano, 63 AD3d 716, 716 [internal quotation marks omitted]). "The sworn denial of receipt of service must be a 'detailed and specific contradiction' of the allegations in the process server's affidavit" (Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096, quoting Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344).
Here, the process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308(1). In opposition to the plaintiff's motion and in support of his cross motion the defendant submitted, inter alia, his own affidavit, his driver license issued in 2003, and an undated photograph. Contrary to the defendant's contention, this evidence was insufficient to rebut the presumption of proper service created by the process server's affidavit (see Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751; cf. Rosemark Contractors, Inc. v Ness, 149 AD3d 1115, 1117). Specifically, the affidavit of service indicated that on December 10, 2013, the summons and complaint and other documents were personally delivered to the defendant at an address in Kew Gardens. The affidavit of service described the defendant as a white male, age 48-52, 5'8" to 5'11" in height with brown hair and weighing 195 to 205 pounds. In his affidavit dated April 2, 2018, nearly 4½ years later, the defendant did not challenge the address at which service was purportedly made, but denied having been served. In his affidavit he described his physical characteristics at the time of his affidavit in 2018, not the time of service in 2013, by stating that his hair color "is" white, not brown and that "I have a moustache and beard, the hair color of my beard is white, and I wear glasses" (emphasis added). The only reference the defendant made to his physical description at the actual time of service concerned his weight, stating that he weighed 260 pounds at the time of service. He also stated that, since the service was purportedly made on Tuesday, December 10, 2013, at 7:15 p.m., he "would have been at prayer" in his synagogue.
The defendant's challenge to the description of his weight in the affidavit of service is without merit, as CPLR 306(b) requires only approximations as to age, weight, and height (see Lincoln First Bank-Cent., N.A. v Bombard Chevrolet, 55 AD2d 1048). Further, the unsubstantiated discrepancy between the defendant's approximate weight as stated on the affidavit of service and his purported actual weight at the time of service was insufficient to raise an issue of fact warranting a hearing (see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; US Bank N.A. v Cherubin, 141 AD3d 514, 516). In addition, the defendant's assertion that he "would have been at prayer" at the time service allegedly was made was conclusory and unsubstantiated (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1041; cf. Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116-1117).
The defendant submitted a later affidavit dated October 24, 2018, in further [*3]opposition to the plaintiff's motion and in further support of his cross motion, in which he stated, inter alia, that his hair had not been brown for decades and that at the time of the alleged service he wore a yarmulke and his facial hair and beard were gray. However, this affidavit was improperly submitted to the Supreme Court for the first time in reply (see Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817) and, as such, was insufficient to rebut the prima facie showing of proper service (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610; Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 734).
Accordingly, the Supreme Court properly granted the plaintiff's motion and denied the defendant's cross motion without conducting a hearing.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court