Deutsche Bank Natl. Trust Co. v Kenol (2022 NY Slip Op 03373)





Deutsche Bank Natl. Trust Co. v Kenol


2022 NY Slip Op 03373


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-03128
 (Index No. 15141/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Dominique Kenol, appellant.


Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Joseph F. Battista and Greenberg Traurig, LLP, New York, NY [Ryan Sirianni and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 19, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered July 18, 2017, inter alia, denying the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction or pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In December 2012, the plaintiff commenced this action to foreclose a mortgage. The plaintiff purportedly served the defendant by personal delivery upon the defendant pursuant to CPLR 308(1). The defendant failed to answer the complaint. In an order entered November 13, 2013, the Supreme Court granted the plaintiff's ex parte motion for an order of reference. The plaintiff thereafter moved on notice to the defendant, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In an order entered July 18, 2017, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross motion to dismiss the complaint. An order and judgment of foreclosure and sale was entered on December 19, 2018, from which the defendant appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174), and "[a] defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
Ordinarily, a process server's affidavit of service constitutes prima facie evidence of valid service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Velez v Forcelli, 125 AD3d 643, 644). A defendant's mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit (see Matter of Romero v Ramirez, 100 AD3d 909, 910; Scarano v Scarano, 63 AD3d 716, 716). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Machovec v Svoboda, 120 AD3d 772).
Here, the Supreme Court properly denied, without a hearing, that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The process server's affidavit of service constituted prima facie evidence of valid service pursuant to CPLR 308(1) (see Zhuoya Lou v Wensheng Wang, 176 AD3d 1016, 1018; see also Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722). In opposition and in support of her cross motion, the defendant's sworn statements and her supporting documentation that she was "enrolled" in "evening classes" and "never missed any of her classes" during the "2012-2013 academic year," including a specific class which met on Tuesday evenings during the "Fall 2012 semester" did not rebut the presumption of proper service. Such factual representations did not constitute a "detailed and specific contradiction" (Machovec v Svoboda, 120 AD3d at 773) of the allegations in the process server's affidavit that the defendant was served by personal delivery on January 8, 2013, as the defendant failed to state or to otherwise show that she was in class on the specific date and time of service (see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040-1041). The defendant's conclusory and unsubstantiated assertion that the process server's physical description of the person served "does not accurately reflect [the defendant's] description" likewise did not warrant a hearing (see US Bank N.A. v Cherubin, 141 AD3d 514, 516; cf. Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
Contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff's ex parte application for an order of reference in 2013 satisfied the requirement of CPLR 3215(c) that the plaintiff take proceedings for the entry of a judgment within one year after the defendant's default (see Nationstar Mtge., LLC v Reitman, 198 AD3d 793, 793; 1077 Madison St., LLC v Dickerson, 197 AD3d 443, 446; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 772; US Bank N.A. v Dorestant, 131 AD3d 467, 469).
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court