Tuttnauer USA Co., Ltd. v Russo (2023 NY Slip Op 02555)

Tuttnauer USA Co., Ltd. v Russo

2023 NY Slip Op 02555

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2022-01570
 (Index No. 624996/19)

[*1]Tuttnauer USA Co., Ltd., respondent, 
v
Barbara Russo, et al., appellants.

Frederick K. Brewington (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellants.
Ruskin, Moscou, Faltischek, P.C., Uniondale, NY (David A. Robins and Brian Passarelle of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendants appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 5, 2021. The order denied the defendants' motion, inter alia, to vacate an order of the same court dated May 21, 2021, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and directing an inquest.
ORDERED that the order dated August 5, 2021, is affirmed, with costs.
In December 2019, the plaintiff commenced this action against the defendants, alleging, inter alia, a cause of action to recover damages for conversion. It is undisputed that the defendants defaulted in answering the complaint. By order dated May 21, 2021, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and directed an inquest. In July 2021, the defendants moved to vacate the order dated May 21, 2021, in effect, pursuant to CPLR 5015(a)(1) and (4), and for related relief. By order dated August 5, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [internal quotation marks omitted]; see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985).
A process server's affidavit of service constitutes prima facie evidence of proper service (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see HSBC Bank USA v Archer, 173 AD3d 984, 985; HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945). A sworn denial of receipt of service containing "detailed and specific contradiction of the allegations in the process server's affidavit" will defeat the presumption of proper service (Machovec v Svoboda, 120 AD3d 772, 773; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777). However, bare and unsubstantiated denials of [*2]service are insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (US Natl. Bank Assn. v Melton, 90 AD3d at 743; see U.S. Bank N.A. v Smith, 210 AD3d 725, 727; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015; Scarano v Scarano, 63 AD3d 716, 716).
Here, the process server's affidavits of personal service upon the defendant Barbara Russo (hereinafter Barbara) and substituted service upon the other defendants by service upon Barbara as a person of suitable age and discretion, constituted prima facie evidence of proper service on the defendants. The claimed discrepancies between Barbara's appearance and the description in the process server's affidavits were minor and insufficiently substantiated to warrant a hearing (see U.S. Bank N.A. v Bienenstock, 184 AD3d 593, 594; PNC Bank, N.A. v Bannister, 161 AD3d at 1115-1116; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723). In addition, the defendants' assertions that Barbara would not have been at home at the time service was allegedly made were conclusory and unsubstantiated (see U.S. Bank N.A. v Smith, 210 AD3d at 727; Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005; HSBC Bank USA, N. A. v Rahmanan, 194 AD3d 792, 794; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1041).
To the extent that the defendants' motion sought vacatur pursuant to CPLR 5015(a)(1), they were not entitled to such relief, as they failed to set forth a reasonable excuse for their default (see PNC Bank, N.A. v Bannister, 161 AD3d at 1116). Thus, it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense (see U.S. Bank N.A. v Pierre, 210 AD3d 929, 930).
Accordingly, the Supreme Court properly denied the defendants' motion.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court