HSBC Bank USA, N.A. v Yun Seek Bahk (2024 NY Slip Op 02525)

HSBC Bank USA, N.A. v Yun Seek Bahk

2024 NY Slip Op 02525

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2018-06706
2018-14705
 (Index No. 4914/12)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Yun Seek Bahk, etc., et al., appellants, et al., defendants.

Yun Seek Bahk and Ryong Hui Bahk, East Williston, NY, appellants pro se.
Stein Wiener & Roth, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yun Seek Bahk and Ryong Hui Bahk appeal, (1) by permission, from an order to show cause of the Supreme Court, Nassau County (Jack L. Libert, J.), dated June 8, 2018, and (2) from an order of the same court (Thomas A. Adams, J.) entered October 4, 2018. The order to show cause, insofar as appealed from, denied the application of those defendants to stay the sale of the subject property pending the hearing and determination of that branch of those defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.), entered October 5, 2017, and to set aside the notice of sale. The order denied that branch of those defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, entered upon their failure to appear or answer the complaint, and to set aside the notice of sale.
ORDERED that the appeal from the order to show cause is dismissed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2012, the plaintiff commenced this action against the defendant Yun Seek Bahk (hereinafter the defendant) and the defendant Ryong Hui Bahk (hereinafter Ryong, and together with the defendant, the defendants), among others, to foreclose a mortgage encumbering certain real property located in Nassau County. The defendants interposed an answer dated August 30, 2012, in which they asserted various affirmative defenses and counterclaims. The plaintiff rejected the answer as untimely.
Thereafter, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an order of reference, and on October 5, 2017, the court entered a judgment of foreclosure and sale. A foreclosure sale of the property was noticed for June 12, 2018 (hereinafter [*2]the notice of sale). On June 8, 2018, the defendants moved by order to show cause (1) pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to set aside the notice of sale for lack of personal jurisdiction, and, (2) pending the hearing and determination of their motion, for a stay of proceedings, including all proceedings to sell and dispose of the property as set forth in the notice of sale. The plaintiff opposed the motion.
While the Supreme Court signed the defendants' proposed order to show cause, it struck the proposed provision thereof staying the proceedings pending the hearing and determination of the defendants' motion (hereinafter the stay provision). The defendants moved in this Court for leave to appeal from so much of the order to show cause as denied the defendants' application for the stay provision and to stay the foreclosure sale of the property pending the hearing and determination of the appeal. In a decision and order on motion dated July 31, 2018, this Court granted the motion.
In an order entered October 4, 2018, the Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to set aside the notice of sale for lack of personal jurisdiction. The defendants appeal.
A process server's affidavit constitutes prima facie evidence that the defendant was validly served, and "[t]o be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847; see HSBC Bank USA v Archer, 173 AD3d 984, 985). "A sworn denial of receipt of service containing 'detailed and specific contradiction of the allegations in the process server's affidavit' will defeat the presumption of proper service" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847, quoting Machovec v Svoboda, 120 AD3d 772, 773). "However, bare and unsubstantiated denials of service are insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where 'the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit'" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847, quoting US Natl. Bank Assn. v Melton, 90 AD3d 742, 743).
Here, affidavits of personal service upon the defendant and substituted service upon Ryong by service upon the defendant as a person of suitable age and discretion constituted prima facie evidence of proper service upon the defendants.
Contrary to the defendants' contention, they failed to rebut the presumption of proper service. Although the defendants' submissions established that the affidavits of service identified the defendant as "female" when the defendant is in fact "male," the defendants do not otherwise challenge the description of the defendant's physical attributes as set forth in the affidavits of service, nor do they contest the time, date, and place of service as set forth therein. Moreover, the defendants do not deny service of process upon each of them in the manner set forth in the affidavits of service. Thus, under the circumstances, the discrepancy between the defendant's actual gender and that set forth in the process server's affidavits was insufficient to rebut the presumption of proper service created by the affidavits of service, which, in all other respects, remain unchallenged (see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847; U.S. Bank N.A. v Bienenstock, 184 AD3d 593, 594). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to vacate the judgment of foreclosure and sale based on a lack of personal jurisdiction.
The defendants have "'abandoned whatever argument [they] may have had with respect to'" so much of the order to show cause as denied the defendants' application for the stay provision, and their appeal from that portion of the order to show cause must be dismissed (U.S. Bank Trust, N.A. v Hussain, 207 AD3d 778, 779, quoting Levy v Kung Sit Huie, 54 AD3d 731, 732).
In light of the foregoing, this Court need not reach the parties' remaining contentions.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court