US Bank N.A. v Meyer (2024 NY Slip Op 04096)

US Bank N.A. v Meyer

2024 NY Slip Op 04096

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-06623
 (Index No. 41759/08)

[*1]US Bank National Association, etc., respondent,
v
Melissa F. Meyer, et al., appellants, et al., defendants. 

Ronald D. Weiss, P.C., Melville, NY (Rosemarie Klie of counsel), for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Melissa F. Meyer and Glenn J. Meyer appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated June 5, 2023. The judgment of foreclosure and sale, upon an order of the same court (Michael A. Gajdos, Jr., J.) dated October 16, 2020, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Melissa F. Meyer and Glenn J. Meyer, for an order of reference, and to correct certain errors in the complaint, and denying that branch of those defendants' cross-motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint and thereupon to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In 2008, the plaintiff commenced this action to foreclose a mortgage against the defendants Melissa F. Meyer and Glenn J. Meyer (hereinafter together the defendants), among others. The defendants failed to answer the complaint. The plaintiff thereafter moved, inter alia, for leave to enter a default judgment against the defendants, for an order of reference, and to correct certain errors in the complaint. In support of its motion, the plaintiff submitted, among other things, affidavits of service in which the process server averred that he served the defendants by delivering the summons and complaint to a person of suitable age and discretion at the defendants' residence, that person being Kyle Hogan, a security guard, and thereafter mailing the documents to the defendants. The process server further averred: "SECURITY GUARD WOULD NOT ALLOW PROCESS SERVER INTO GATED COMMUNITY." The defendants cross-moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint and thereupon to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order dated October 16, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the defendants' cross-motion. Thereafter, the court issued a judgment of foreclosure and sale upon the order. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly denied that branch of their cross-motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate their [*2]default in answering the complaint and thereupon to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. "A process server's affidavit of service constitutes prima facie evidence of proper service" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (id.). "[B]are and unsubstantiated denials of service are insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where 'the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit'" (id., quoting US Natl. Bank Assn. v Melton, 90 AD3d 742, 743).
Here, the plaintiff's affidavits of service constituted prima facie evidence of proper service upon the defendants (see Flanagan v Delaney, 194 AD3d 694, 697). CPLR 308(2) authorizes service, inter alia, by delivery of the summons within the state to a person of suitable age and discretion at the defendant's actual dwelling place and mailing the summons to the defendant's last known residence. Since the process server averred that the security guard would not permit him entry into the gated community in which the defendants' residence was located, "'the outer bounds of the actual dwelling place must be deemed to extend to [that] location at which the process server's progress [was] arrested'" (Citibank, N.A. v Balsamo, 144 AD3d 964, 965, quoting F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797; see Flanagan v Delaney, 194 AD3d at 697). The defendants failed to rebut the presumption of proper service, as the affidavit from Glenn J. Meyer, in which he denied receiving the summons and complaint, was conclusory and unsubstantiated (see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847; Flanagan v Delaney, 194 AD3d at 697).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court