U.S. Bank Trust, N.A. v Lane (2025 NY Slip Op 04680)

U.S. Bank Trust, N.A. v Lane

2025 NY Slip Op 04680

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-05974
 (Index No. 614533/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Mary Ellen Lane, et al., defendants, Daniel Lane, etc., appellant.

Christopher Thompson, West Islip, NY (Shannon Cody McKinley of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Daniel Lane appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated June 28, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate, inter alia, an order and judgment of foreclosure and sale of the same court (Denise F. Molia, J.) dated December 15, 2020, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2016, Federal National Mortgage Association ("Fannie Mae") (hereinafter Fannie Mae), the plaintiff's predecessor in interest, commenced this action against, among others, the defendant Daniel Lane (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Rocky Point. The defendant failed to appear or answer the complaint. In an order dated September 11, 2018, the Supreme Court granted Fannie Mae's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to Fannie Mae. In an order and judgment of foreclosure and sale dated December 15, 2020, the court granted Fannie Mae's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, directed the sale of the property, and amended the caption to substitute U.S. Bank Trust, N.A., as the plaintiff. In May 2021, the defendant filed a hardship declaration pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (CEEFPA).
In June 2022, days before the property was scheduled to be sold, the defendant moved by order to show cause, inter alia, pursuant to CPLR 5015(a) to vacate, among other things, the order and judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court signed the order to show cause but struck the defendant's application for a temporary restraining order staying the foreclosure sale, thereby allowing the sale to go forward.
In an order dated June 28, 2022, the Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate, among other things, the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him. The court determined that the defendant's filing of the hardship declaration "must be deemed an appearance and the defendant failed to timely move, so the issue of person[al] jurisdiction is deemed waived." The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, rendering all subsequent proceedings in the action null and void" (HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131).
"'A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss'" (Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 806, quoting Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]). "A defendant appears formally in an action 'by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714, quoting CPLR 320[a]). "A defendant 'may appear informally by actively litigating the action before the court'" (id., quoting Taveras v City of New York, 108 AD3d 614, 617). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (id. [internal quotation marks omitted]; see Jaramillo v Asconcio, 151 AD3d 947, 949).
The filing of a hardship declaration is "a procedure authorized by CEEFPA, signed into law on December 28, 2020. CEEFPA provides, among other things, that [i]n any action to foreclose a mortgage, if the mortgagor provides a hardship declaration to the foreclosing party, the court, or an agent of the foreclosing party or the court, prior to the execution of the judgment, the execution shall be stayed until at least May 1, 2021" (Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1066-1067 [citation and internal quotation marks omitted]). "The effective time period of the stay under CEEFPA was later extended through January 15, 2022" (id. at 1067; see L 2021, ch 147; Admin Order of Chief Admin Judge of Cts AO/262/21).
Here, the plaintiff failed to establish that the defendant waived the defense of lack of personal jurisdiction by formally or informally appearing. The defendant did not appear formally in the action, as neither he nor his attorney filed a notice of appearance, served an answer, or made "'a motion which [had] the effect of extending the time to answer'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d at 714, quoting CPLR 320[a]). The electronic filing of a hardship declaration "did not constitute active litigation of the action or participation in the action on the merits" (PennyMac Corp. v Barbosa, 189 AD3d 863, 864) and, consequently, did not constitute an informal appearance that would have waived a personal jurisdiction objection (see U.S. Bank N.A. v Smith, 210 AD3d 725, 726-727; PennyMac Corp. v Barbosa, 189 AD3d at 864).
Nevertheless, the defendant failed to rebut the plaintiff's prima facie showing of proper service. CPLR 308(2) provides, in relevant part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." The affidavit of a process server constitutes prima facie evidence of proper service (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "'To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service'" (Federal Natl. Mtge. Assn. v Britt, 205 AD3d 683, 684, quoting Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). "While a mere conclusory denial of service [*2]will not suffice to rebut a prima facie showing of proper service, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (Citmortgage, Inc. v Barton, 212 AD3d 706, 708; see Rattner v Fessler, 202 AD3d 1011, 1015). "'[M]inor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing'" (Citimortgage, Inc. v Cardali, 230 AD3d 467, 468-469 [internal quotation marks omitted], quoting Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 789).
Here, Fannie Mae's process server attested to serving the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint to a person of suitable age and discretion, identified as Jenn Perrier, the defendant's fiancée and a co-resident, at the defendant's residence, followed by the required mailing to the defendant at the same address. The affidavits submitted by the defendant were insufficient to rebut the presumption of proper service. The claimed discrepancies between Perrier's appearance and the description in the process server's affidavit "were minor and insufficiently substantiated to warrant a hearing" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847; see U.S. Bank N.A. v Bienenstock, 184 AD3d 593, 594; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116). In addition, "the defendant's [and Perrier's] assertions that [Perrier] would not have been at home at the time service was allegedly made were conclusory and unsubstantiated" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847; see U.S. Bank N.A. v Smith, 210 AD3d at 727; Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him.
The plaintiff's remaining contention need not be reached in light of our determination. The contentions raised by the defendant in Point III of his reply brief are improperly raised for the first time in the reply brief, to which the plaintiff did not have an opportunity to respond. Thus, those contentions are not properly before this Court (see Bank of N.Y. Mellon v Giammona, 219 AD3d 436, 439).
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court