Nurse v Marion 502, LLC (2025 NY Slip Op 04912)

Nurse v Marion 502, LLC

2025 NY Slip Op 04912

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-01896
 (Index No. 517382/19)

[*1]Patrick Nurse, respondent, 
v
Marion 502, LLC, appellant, et al., defendant.

Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Bailey & Bailey, LLC, Springfield Gardens, NY (Lamont R. Bailey of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendant Marion 502, LLC, appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 11, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) and in the interest of justice to vacate so much of an order and judgment (one paper) of the same court dated January 7, 2020, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against that defendant and declared, inter alia, that the defendant Marion 502, LLC, is barred from asserting any claim it may have in property located at 502 Marion Street, Brooklyn.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to real property located at 502 Marion Street in Brooklyn (hereinafter the premises) against the defendants, Ivgi Nissim and 502 Marion, LLC (hereinafter Marion). According to the affidavits of service, the defendants were served at the premises by delivery of copies of the summons and complaint to Nissim, who was identified as the "authorized representative" of Marion. The defendants failed to appear or answer the complaint. Thereafter, the plaintiff moved for leave to enter a default judgment against the defendants. In an order and judgment dated January 7, 2020, the Supreme Court granted the plaintiff's unopposed motion and declared, inter alia, that the defendants are barred from asserting any claims they may have in the premises.
Marion thereafter moved, among other things, pursuant to CPLR 5015(a) and in the interest of justice to vacate so much of the order and judgment as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against it and declared, inter alia, that Marion is barred from asserting any claim it may have in the premises. In an order dated January 11, 2023, the Supreme Court, inter alia, denied those branches of Marion's motion. Marion appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional [*2]objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642 [internal quotation marks omitted]; see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 846-847). Under CPLR 5015(a)(4), the moving defendant must overcome the presumption of proper service raised by a process server's affidavit of service (see HSBC Bank USA v Archer, 173 AD3d 984, 985). Service of process on a limited liability company may be made on, among others, "any . . . agent authorized by appointment to receive process, or . . . any other person designated by the limited liability company to receive process" (CPLR 311-a[a][iii], [iv]).
Here, the Supreme Court properly determined that Marion was not entitled to vacatur pursuant to CPLR 5015(a)(4). The affidavit of service submitted by the plaintiff reflects that service was effectuated upon Nissim as "the authorized representative" of Marion. Since Marion was not incorporated at the time of service, the plaintiff could not effectuate service on the representative on record with the Secretary of State or through the Secretary of State (see id. § 311-a[a]; Limited Liability Company Law § 303[a]). Under these circumstances, "the plaintiff's process server acted reasonably and with due diligence" and it was reasonable for the process server to believe that Nissim was authorized to accept service on behalf of Marion (Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 765, 767 [internal quotation marks omitted]; see Miterko v Peaslee, 80 AD3d 736, 737). Contrary to Marion's contention, it failed to submit an affidavit with factual specificity and detail sufficient to rebut the presumption of proper service afforded to the affidavit of service (see West Coast Servicing, Inc. v Yusupova, 172 AD3d 789, 790).
A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see Williamson v Marlou Cab Corp., 129 AD3d 711, 713). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (CIT Bank, N.A. v Francis, 188 AD3d 792, 793 [internal quotation marks omitted]).
Here, the Supreme Court also properly determined that Marion was not entitled to vacatur pursuant to CPLR 5015(a)(1). Since the only excuse proffered was that it was not served with process, Marion failed to establish a reasonable excuse for the default (see West Coast Servicing, Inc. v Yusupova, 172 AD3d at 790). Thus, it is unnecessary to consider whether Marion demonstrated a potentially meritorious defense (see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 848).
Although the Supreme Court retains inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of justice, the power is not plenary and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise, or excusable neglect (see Edwards v Morris, 228 AD3d 731, 732). Here, Marion failed to provide sufficient evidence of fraud, mistake, inadvertence, surprise, or excusable neglect to warrant vacatur in the interests of substantial justice (see Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1304).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court