Wilmington Trust, N.A. v Delfeus

2026 NY Slip Op 02148

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmington Trust, National Association, etc., respondent,

v

Fabius Delfeus, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-11509, (Index No. 506769/18)

Betsy Barros, J.P.

Angela G. Iannacci

Helen Voutsinas

Susan Quirk, JJ.

Biolsi Law Group, P.C. (Steven Alexander Biolsi of counsel), for appellant.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Fabius Delfeus appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 25, 2024. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated February 18, 2020, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction.

ORDERED that the order is affirmed, with costs.

In April 2018, the plaintiff commenced this action to foreclose a mortgage against the defendant Fabius Delfeus (hereinafter the defendant), among others, in the Supreme Court, Kings County. The defendant was purportedly served with process in accordance with CPLR 308(2), and failed to appear or answer. Thereafter, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order and judgment of foreclosure and sale dated February 18, 2020, the court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale. In August 2022, the property was sold at a foreclosure sale to the plaintiff.

In September 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction. The Supreme Court denied the defendant's motion. The defendant appeals, contending the court lacks personal jurisdiction over him.

"CPLR 5015(a)(4) provides that '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just,' upon the ground of, inter alia, 'lack of jurisdiction to render the judgment or order'" (Wells Fargo Bank, N.A. v Guerrero, 189 AD3d 1669, 1670, quoting CPLR 5015[a][4]). "A default must be vacated once the movant demonstrates a lack of personal jurisdiction, and the movant is relieved of any obligation to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (id. [internal quotation marks omitted]; [*2]see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 818). "A court lacks personal jurisdiction over a defendant who is not properly served with process" (Flatow v Goddess Sanctuary & Spa Corp., 233 AD3d 656, 657 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Smith, 219 AD3d 938, 940). "When it is determined that process was ineffective, all subsequent proceedings are rendered null and void as to that party" (Flatow v Goddess Sanctuary & Spa Corp., 233 AD3d at 657 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Smith, 219 AD3d at 940).

"[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308'" (Flatow v Goddess Sanctuary & Spa Corp., 233 AD3d at 657 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Smith, 219 AD3d at 940). "Service of process under CPLR 308(2) . . . requires that the summons be delivered . . . to a person of suitable age and discretion at the defendant's actual place of business, dwelling place or usual place of abode, along with a mailing of the summons to the defendant's last known residence or actual place of business" (Flatow v Goddess Sanctuary & Spa Corp., 233 AD3d at 657 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Smith, 219 AD3d at 940). "Personal jurisdiction is not acquired absent compliance with both the delivery and mailing requirements of the statute" (Mendez v Rattigan, 209 AD3d 637, 639 [internal quotation marks omitted]; Everbank v Kelly, 203 AD3d 138, 143).

"A process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Nurhan v Harley, 237 AD3d 728, 729-730 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Nurhan v Harley, 237 AD3d at 730 [internal quotation marks omitted]; see TD Bank, N.A. v Turbo Group, Inc., 226 AD2d 1058). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Nurhan v Harley, 237 AD3d at 730 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 793). If the presumption is rebutted, a hearing to determine the propriety of service is necessary, at which the plaintiff must prove jurisdiction by a preponderance of the evidence (see Creswell Invs., Ltd. v Brazil+Q1 Ltd., 234 AD3d 667, 669; Machovec v Svoboda, 120 AD3d 772, 773).

Here, the process server's affidavits of personal service upon the defendant attest that the process server effected substituted service upon the defendant by delivering the papers to one of the defendant's sons, who was a person of suitable age and discretion, at the subject premises and by mailing the papers to the same address. Thus, the affidavits constituted prima facie evidence of proper service upon the defendant. In support of the defendant's motion, neither the defendant nor his son state that the description of the son contained in the affidavit of service concerning delivery of the papers is inaccurate. Moreover, the defendant's assertions were conclusory and unsubstantiated (see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847; Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005). Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction.

The defendant's remaining contention is improperly raised for the first time on appeal and, in any event, need not be reached in light of this determination.

BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court